UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

****************************************:
| | |
|---|---|
| **URLEEN NAUGHTON** : | **CIVIL ACTION NO. 3:21-cv-00402-KAD** |
| : | |
| **V.** : | |
| : | |
| **ADAM GUTCHEON, ET AL** : | **JULY 29, 2021** |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
### BY DEFENDANTS WINDSOR JOURNAL WEEKLY AND ANTHONY ZEPPERI

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendants, Windsor Journal Weekly and Anthony Zepperi (collectively, the "Defendants") submit this memorandum in support of their motion to dismiss the First Amended Complaint (the "Complaint"). The Complaint alleges that Windsor Journal Weekly published editorials written by concerned citizens, which concerned a petition presented to the Windsor Town Council, the Connecticut Housing Finance Authority and Federal Department of Housing and Urban Development regarding the governance of the Windsor Housing Authority where Plaintiff was employed as Executive Director. As set forth more fully below, the plaintiff's purported defamation and false light claims against Windsor Journal Weekly fail to state a plausible claim for relief and are barred as a matter of law by the Fair Reporting Privilege. Additionally, Plaintiff has failed to assert any claims whatsoever against Anthony Zepperi.

### BACKGROUND

Plaintiff's thirty-seven count Complaint against fifteen defendants purports to allege several federal causes of action arising from Plaintiff's termination from her role as Executive Director of the Windsor Housing Authority ("WHA") along with twenty-two state law claims. Plaintiff alleges that residents of Millbrook Village, a housing complex within the WHA, "circulated a petition that was jointly authored by [Andrew] McAllister and [Tariq] Jamaal" that "sought . . . to have Naughton

- 1 -

removed as Executive Director of the WHA due to alleged problems and issues with the WHA's property at Millbrook Village." See Complaint (hereinafter "Compl.") ¶ 33. Plaintiff further alleges that the petition (hereinafter the "Petition") "was riddled with falsehoods" related to Naughton's performance of her job as Executive Director of the WHA, that the Petition "was presented to members of the Windsor Town Council in late October 2020," and that the Petition was later forwarded to the Connecticut Housing Finance Authority and Federal Department of Housing and Urban Development. Compl. ¶¶ 34, 35, 39. Each of the Plaintiff's state law claims against the Defendants stems from the Petition and related concerns raised by residents of the Town of Windsor.

Windsor Journal Weekly, the name of a local newspaper, is a named defendant in Counts Eighteen, Twenty-Two, and Twenty-Three, each alleging claims of defamation, as well as Counts Twenty-Eight, Thirty-Two and Thirty-Three, alleging invasion of privacy by false light. Defendant Anthony Zepperi, a reporter for the Windsor Journal Weekly, is named only in Count Twenty-Eight. There are no allegations in Count Twenty-Eight that assert a claim against Mr. Zepperi.

The Complaint alleges that two residents of Millbrook Village, a property which is part of the WHA, wrote and circulated a petition (the "Petition") that was presented to the Windsor Town Council. Compl. ¶¶ 33-35. According to the Complaint, the Petition alleged that the Plaintiff (1) was harsh and abusive towards residents; (2) fired competent and experienced employees; (3) threatened witnesses with eviction; (3) failed to correct heat and electrical problems; (4) engaged in profit driven tenant collection practices; (5) threatened indigent, elderly and disabled tenants with eviction; (6) wasted assets; (7) provided substandard moving services to relocating tenants; (8) selectively renovated housing units to favored residents; (9) ignored tenant complaints; (10) completed

**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

renovations to units that proved hazardous to disabled tenants; and (11) engaged in divisive, abusive, corrupt and dishonest behavior as the WHA Executive Director. Compl. ¶ 34.

Plaintiff does not allege that the Petition was published. Rather, the Plaintiff's claims against the Windsor Journal Weekly arise from the publication of information from and about the Petition through letters and editorials written by various named defendants. Specifically, Counts Eighteen and Twenty-Eight allege that "in January 2021, Defendants Gutcheon and the Windsor Journal willfully and maliciously published information from 'the petition' which were false statements" about Plaintiff Naughton "by way of letters, emails, and word of mouth, in and among the Town of Windsor citizenry, among themselves, and to the public through the newspaper's readers." Compl. ¶¶ 317-318, 392-393. Counts Twenty-Two and Thirty-Two allege that on February 26, 2021, defendants Grossman and the Windsor Journal Weekly published additional false statements relating to the Petition. Compl. ¶¶ 341, 444. Counts Twenty-Three and Thirty-Three allege that on March 19, 2021, the Windsor Journal Weekly "published a letter jointly written by Grossman and Smith which contained false statements" about Naughton. Compl. ¶¶ 347 457. Gutcheon, among other things, is alleged to be the WHA Chair and Executive Director of the Windsor Chamber of Commerce. Compl. ¶ 6. Smith and Grossman are alleged to be Windsor residents.  Compl. ¶¶ 10-12.

## LAW AND ARGUMENT

**I.      Legal Standard**

Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), courts apply a "plausibility standard" guided by "two working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

do not suffice." Id.; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). A complaint that makes "naked assertion[s] devoid of further factual enhancement will not suffice." Iqbal, 556 U.S. at 678. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

**II.     The Amended Complaint Fails to Plausibly Allege Claims of Defamation and False Light Against Windsor Journal Weekly**

To establish a prima facie case of defamation, a "plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." Gambardella v. Apple Health Care, Inc., 291 Conn. 620, 627–28 (2009). A statement must be false to be actionable as defamation. Cweklinsky v. Mobil Chemical Co., 267 Conn. 210, 228–29 (2004). There is no allegation attributing the statements cited by the Plaintiff to the Windsor Journal Weekly. Instead, Plaintiff alleges that, through editorials, the Windsor Journal Weekly published statements regarding the Petition which were presented to the Windsor Town Counsel and federal oversight agencies regarding the governance of the WHA.

The Plaintiff's defamation and false light claims against the Windsor Journal Weekly fail because she has failed to allege any *facts* supporting a finding of actual malice. "In an action for defamation, a public official is prohibited from recovering damages for a defamatory falsehood

- 4 -

relating to his official conduct unless he proves by clear and convincing evidence that the falsehood was published with 'actual malice.'" Kelley v. Bonney, 221 Conn. 549 (1992) (citing New York Times Co. v. Sullivan, 376 U.S. 254 (1964)). Actual malice requires that "the statement, when made, was made with actual knowledge that it was false or with reckless disregard of whether it was false." Gambardella, 291 Conn. at 628. "A speaker acts with reckless disregard of the falsity of his statement if he 'entertained serious doubts as to the truth' of his statement, or if he possessed a 'high degree of awareness of [his statement's] probable falsity.'" Dongguk University v. Yale, 873 F. Supp. 2d 460, 465 (D. Conn. 2012) (quoting St. Amant v. Thompson, 390 U.S. 727, 731 (1968); Garrison v. Louisiana, 379 U.S. 64, 74 (1964)). "A failure to investigate by itself is not enough to prove actual malice." Id. The plaintiff "must demonstrate a purposeful avoidance of the truth." Hopkins v. O'Connor, 282 Conn. 821, 846, 925 (2007). The actual malice standard applies when a public figure or public official sues for invasion of privacy by false light. Cantrell v. Forest City Publishing Co., 419 U.S. 245, 249 (1974); Goodrich v. Waterbury Republican-American, 188 Conn. 107, 130 (1982).

  At the time the allegedly false statements were published in the Windsor Journal Weekly's Letters to the Editor section, Plaintiff served as Executive Director of the Windsor Housing Authority, a "tax-exempt non-profit quasi-public entity . . . governed by the Windsor Housing Board of Commissioners," created by "a Cooperative Agreement between the Town of Windsor and the Connecticut Department of Housing" with the purpose of "provid[ing] safe and affordable housing to low income, elderly and disabled residents of the Town of Windsor." Compl. ¶¶ 14, 21–22. Thus, Plaintiff is a public official for purposes of this action. See Kelley v. Bonney, 221 Conn. 549 (1992) (holding that a public school teacher is a public official for defamation purposes); Moriarty v. Lippe, 162 Conn. 371, 378 (1972) (noting that any person in a position that, "if abused, has great potential

for social harm and thus invites independent interest in the qualifications and performance of the person who holds the position" may be categorized as a public official); Jensen v. Times Mirror Co., 634 F. Supp. 304, 311 (D. Conn. 1986) (describing a public official or public figure as someone who may have "accepted public office," "assumed an influential role in ordering society," or "occupied a role of especial prominence in the affairs of society"). See also Worrell-Payne v. Gannett Co., Inc., 134 F. Supp.2d 1167, 1171-1172 (D. Idaho 2000), aff'd, 46 Fed.Apx. 105 (9th Cir, 2002) (citing Rosenblatt v. Baer, 383 U.S. 75, 85-86 and n. 13 (1966)) (holding that an executive director of a housing authority that sued a newspaper was a public official for purposes of the First Amendment).

As a public official, Plaintiff is required to plead actual malice to maintain a defamation claim or a claim of invasion of privacy by false light. Cantrell v. Forest City Publishing Co., 419 U.S. 245, 249; Goodrich v. Waterbury Republican-American, 188 Conn. at 130. See also Reaves v. Hartford Courant Co, No X07CV020079871S, 2003 WL 1090699 at *2 (Conn. Super Ct., Feb. 28. 2003) (Sefrazza, J.) (applying actual malice standard to false light claims brought by a private person involved in a matter of public concern). A public official "must plead 'plausible grounds' to infer actual malice by alleging 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' actual malice." Biro v. Conde Nast, 807 F.3d 541, 546 (2d Cir. 2015) (quoting Twombly, 550 U.S. at 556) (affirming the District Court's decision to grant defendant's 12(b)(6) motion to dismiss for failure to raise a plausible inference of actual malice where the "nonconclusory allegations" of the complaint failed to "allege facts that would have prompted the … defendants to question the reliability of any of the named or unnamed sources at the time the [allegedly defamatory] Article was published" and where the remaining allegations against defendants were conclusory). See also Fairfax v. CBS Corp., 2 F.4th 286, 292-95 (4th Cir. 2021) (holding that the plaintiff failed to

sufficiently plead actual malice because the facts alleged did not support an inference that defendant news group "seriously doubted the truth of the … accusations" against the plaintiff and did not suggest that the defendant "was attempting to avoid learning or communicating the truth"). The Complaint fails to allege any facts supporting a claim of actual malice by Windsor Journal Weekly and instead recites conclusory allegations outlining the elements of the causes of action. Counts Eighteen, Twenty-Two, Twenty-Eight, Thirty-Two and Thirty-Three allege that the Windsor Journal Weekly "willfully and maliciously" published false statements about Naughton, and that "the defendants knew the statements were false or recklessly disregarded the falsity of the statements. Compl. ¶¶ 317–319, 341–343, 392–394, 444–446, 457, 462. Count Twenty-Three fails to even allege that the Windsor Journal had any such knowledge or acted in reckless disregard of the falsity of such statements.

Counts Twenty-Eight, Thirty-Two and Thirty-Three further allege that "the defendants made the statements with actual malice to Naughton, as they could have investigated the false statements but chose not to do so, in order to maximize damage to Naughton's reputation, with respect to her professional standing among her peers, and in the industry in which she practiced." Compl. ¶ 401, 450, 463. Again, there are no facts that support a finding of actual malice. Further, the mere failure to investigate by itself is not sufficient. Dongguk Univ., 873 F. Supp. 2d 460, 465 (D. Conn. 2012), aff'd, 734 F.3d 113 (2d Cir. 2013); Goodrich v. Waterbury Republican-American, 188 Conn. at 124.[1]

---

[1] See Turner v. Wells, 879 F.3d 1254, 1273 (11th Cir. 2018)  (holding that because the plaintiff's allegations that the defendants "'knowingly and recklessly' ignored or deliberately avoided learning information" were "set forth in a conclusory manner" and the complaint did not "set forth facts demonstrating that the defendants acted in these ways," the plaintiff did "not allege sufficient relevant facts to support a claim of actual malice"); McCafferty v. Newsweek Media Group, Ltd., 955 F.3d 352, 360 (3d Cir. 2020) (holding that allegations of "an extreme departure from professional standards," a "failure to investigate," and a "desire to increase profits" were

- 7 -

Indeed, facts alleged in the Complaint only negate the possibility that the Windsor Journal Weekly had reason to doubt the truth of the statements published. Plaintiff admits that nearly 50% of the residents of the Millbrook Village signed the Petition containing statements about Ms. Naughton and that the three Letters to the Editor published in the Windsor Journal Weekly that Plaintiff complains of were editorials written by Windsor residents, one of whom Chaired the WHA. "A 'letters to the editor' column provides an important outlet for the promulgation of information and ideas by persons who do not themselves have access to publishing facilities but who wish to exercise their freedom of speech even though they are not members of the press." Moriarty v. Leppe, 162 Conn. 371, 381 (1972) (noting that where a defendant newspaper did not fabricate the letter to the editor, that the letter was not the product of its publisher's imagination, and it was not based on an unverified anonymous communication, the newspaper could not be liable for false statements made in the letter).

Because the Complaint utterly fails to allege any facts that could support a plausible claim that the Windsor Journal Weekly knew the statements were false or acted with reckless disregard as to their falsity, Plaintiff's defamation and false light claims are legally deficient.

### III. Plaintiff's Claims are Barred by the Fair Reporting Privilege

To the extent to which any of the Plaintiff's claims against the Defendants could be construed to touch upon the reporting of matters pertaining to the Petition, Plaintiff's claims are not actionable because any allegedly defamatory statements published by the Windsor Journal Weekly are protected

---

insufficient to support a finding of actual malice, that the plaintiff did not plead facts that suggested actual malice, such as that the defendant "made up" statements or "used [made up statements] to accuse [the plaintiff] of breaking the law when [the defendant] knew [the plaintiff] was innocent," and that the plaintiff was therefore not entitled to "use discovery to probe [the defendant's] state of mind").

**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

by the fair reporting privilege. "Even when there is a defamatory statement, the publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported." Burton v. Am. Lawyer Media, Inc., 83 Conn. App. 134, 137–38 (2004). Generally, the determination of whether the contents of a newspaper article are privileged as fair reporting is an issue of law. Id. at 138. "The accuracy required is to the proceedings, not to the objective truth of the defamatory charges." Id. at 140. Here, there is no allegation that any of the defamatory matters contained in the Petition were inaccurately published.

The editorials published by the Windsor Journal Weekly—opinion pieces—discussed allegations made in the Petition and presented to the Windsor Town Council, the Connecticut Housing Finance Authority and Federal Department of Housing and Urban Development. The Petition and related editorials addressed a matter of public concern and were voiced by citizens, including the Chair of the WHA, regarding a public entity managed by the Plaintiff. The Petition and proceedings before the Town Council and federal government agencies related to official actions of the WHA.

Moreover, when serious charges or allegations are raised against a public official or public figure, "the First Amendment protects the accurate and disinterested reporting of those charges, regardless of the reporter's private views regarding their validity. . . . What is newsworthy about such accusations is that they were made. . . . The public interest in being fully informed about controversies that often rage around sensitive issues demands that the press be afforded the freedom to report such charges without assuming responsibility for them." Edwards v. National Audubon Soc., Inc., 556 F.2d 113, 120 (2d Cir. 1977). "[I]f we are to enjoy the blessings of a robust and unintimidated press, we must provide immunity from defamation suits where the journalist believes, reasonably and in

- 9 -

**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

good faith, that his report accurately conveys the charges made. It is equally clear, however, that a publisher who in fact espouses or concurs in the charges made by others, or who deliberately distorts these statements to launch a personal attack of his own on a public figure, cannot rely on a privilege of neutral reportage." Id. Such is not the case here. There is no allegation that the Windsor Journal Weekly published the letters with comment, distortion or espousing the allegedly defamatory accusations or statements contained therein. The Windsor Journal Weekly is accused of publishing the concerns made by the residents of the Town of Windsor with regard to the Plaintiff and the WHA. Accordingly, the Defendants respectfully request that Plaintiff's complaint be dismissed.

### IV. Plaintiff Failed to Allege Any Claims Against Anthony Zepperi

Though included in the heading of Count Twenty-Eight, there are no factual allegations supporting a claim of invasion of privacy by false light, or any other claim against defendant Anthony Zepperi. The only two paragraphs in the Complaint that mention Mr. Zepperi merely state that he is a Windsor Journal Weekly reporter. See Compl. ¶¶ 17–18. None of the thirty-eight counts asserted in Plaintiff's Complaint include any allegations against Mr. Zepperi, let alone any allegations sufficient to form a claim of defamation or invasion of privacy by false light. Because there is *no* claim against Anthony Zepperi, the claim against him must be dismissed. Massaro v. Town of Trumbull, 525 F. Supp. 2d 302, 306 (D. Conn. 2007) (quoting Dove v. Fordham Univ., 56 F.Supp.2d 330, 335 (S.D.N.Y. 1999), aff'd, 210 F.3d 354 (2d Cir. 2000) ("Where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.").

**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

THE DEFENDANTS,
WINDSOR JOURNAL WEEKLY &
ANTHONY ZEPPERI

By:   /s/ George C. Springer, Jr.
      George C. Springer, Jr. [ct03263]
      Rogin Nassau LLC
      185 Asylum Street, 22nd Floor
      Hartford, CT 06103-3460
      Tel: (860) 256-6380
      Fax: (860) 278-2179
      E-mail: gspringer@roginlaw.com

- 11 -

**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793

## **CERTIFICATION**

This is to certify that a copy of the foregoing was served electronically this 29th day of July 2021 and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail at the addresses shown below to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Richard C. Gordon, Esq.
Law Office, Richard C. Gordon
40 Court Street
Windsor, CT 06095
Email: RCGordonlaw@Gmail.com

Beverly Knapp Anderson, Esq.
William D. Catalina
Neubert, Pepe & Monteith, P.C.
750 Main Street
Suite 200
Hartford, CT 06103
Email: bknapp@npmlaw.com
Email: wcatalina@npmlaw.com

Philip Miller, Esq.
Attorney General's Office
55 Elm St., PO Box 120
Hartford, CT 06141-0120
Email: phil.miller@ct.gov

David S. Monastersky, Esq.
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
Email: dmonastersky@hl-law.com

Peter D. Goselin, Esq.
The Law Office of Peter Goselin
557 Prospect Ave., 2nd Floor
Hartford, CT 06105
Email: pdgoselin@gmail.com

Richard P. Weinstein, Esq.
Weinstein & Wisser, P.C.
29 S. Main St.
Suite 207
West Hartford, CT 06107
Email: rpw@weinsteinwisser.com

/s/ George C. Springer, Jr.
George C. Springer, Jr. [ct03263]

- 12 -