UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*:

| | | |
|---|---|---|
| URLEEN NAUGHTON | : | CIVIL ACTION NO. 3:21-cv-00402-KAD |
| | : | |
| V. | : | |
| | : | |
| ADAM GUTCHEON, ET AL | : | DECEMBER 10, 2021 |

**OBJECTION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

The defendants, Windsor Journal Weekly and Anthony Zepperi (collectively, the "Defendants") object to the Plaintiff's Motion for Leave to File a Second Amended Complaint filed on December 3, 2021 by the plaintiff, Urleen Naughton ("Plaintiff") (Docket Entry No. 125). The Defendants submit this memorandum of law in support of their objection to Plaintiff's Motion for Leave to File a Second Amended Complaint and in further support of the pending Motion to Dismiss on the grounds that Plaintiff's proposed Second Amendment Complaint is futile and fails to correct the defects in the First Amended Complaint that are the foundation of the Motion to Dismiss.

**BACKGROUND**

On November 8, 2021, this Court denied the Plaintiff's motion for leave to amend the complaint for Plaintiff's failure to supply a redlined version of the proposed Second Amended Complaint pursuant to Local Rule 7(f)(2) and for Plaintiff's failure to comply with the Court's Order to correct the deficiency. The Plaintiff now seeks leave to file a new version of the proposed Second Amended Complaint[1], which adds the names of the Defendants to additional Counts and purports to "sharpen the assertions made against" the Windsor Journal Weekly and Anthony Zepperi.

---

[1] Notably, the Plaintiff has not filed a clean copy of the proposed Second Amended Complaint as required by Local Rule 7(f)(2), but rather, has filed a redlined version of the now proposed Second Amended Complaint and a copy of the original First Amended Complaint. In particularly confusing fashion, it appears that the Plaintiff has incorporated the

- 1 -

Specifically, the Plaintiff seeks to include Windsor Journal Weekly in Counts Fifteen, Sixteen, Seventeen, and Twenty-One, purporting to allege claims of defamation, as well as Counts Twenty-Five, Twenty-Six, Twenty-Seven, Twenty-Nine, and Thirty-One, purporting to allege claims of invasion of privacy by false light. Plaintiff also seeks to include Anthony Zepperi as a defendant in Counts Fifteen through Eighteen and Counts Twenty-One through Twenty-Three, purporting to allege claims of defamation, as well as Counts Twenty-Five through Twenty-Nine and Counts Thirty-One through Thirty-Three, purporting to allege claims of invasion of privacy by false light.

In each Count against the Defendants as identified above, the Plaintiff now asserts the following allegations against Anthony Zepperi: "'On October 21, 2021, this reporter's employment was terminated by the Windsor Journal Weekly, because he allegedly plagiarized fifteen (15) articles/stories 'word-for-word' from the Journal Inquirer, its reporters and [others], from October 2020 through October 2021.' On information and belief, these articles, comprised stories which contained falsities about Ms. Naughton that were published to their readers, some of which were written in collaboration with Defendant Joe Chaisson, and the Journal Inquirer. On information and belief, Ms. Naughton believes both reporters collaborated with each other, and with other unspecified persons, on the timing, content, and publication of their articles to the public about Ms. Naughton they knew were false and were done to maximize damage to her reputation."[2] (See proposed Second Amended Complaint, ¶¶ 17, 301, 307, 313, 319, 343, 363, 374, 385, 393, 431, and 446). The Plaintiff further alleges that the Windsor Journal Weekly "'terminated the employment of Defendant Zepperi for allegedly plagiarizing … articles/stories that were written by [reporters] from the Journal Inquirer

---

amendments proposed in her motion for leave to amend, which was denied without prejudice, as if the motion had been granted, as the redlines only show the newly proposed changes against the prior proposed pleading.

[2] The Plaintiff does not cite any source for the internal quotation.

- 2 -

and [others],'" that "the unspecified articles/stories were written about Ms. Naughton, were published to the newspaper's readers, contained falsities, and caused injuries to her," and that "these articles/stories were removed from Defendant WJW's web site and were not accessible after May 2021." (Proposed Second Amended Complaint, ¶ 18). The Plaintiff's proposed Second Amended Complaint does not allege any additional factual allegations against the Defendants.

## LAW AND ARGUMENT

Rule 15(a)(2) of the Federal Rules of Civil provides that in the absence of consent by the opposing party, a party may only amend its pleading with leave of court. The court should freely give leave when justice so requires." "Although Fed. R. Civ. P. 15(a) provides that the district court should freely grant leave to amend when justice so requires, it is proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile." Hunt v. Alliance N. Am. Gov't Income Trust, Inc., 159 F.3d 723, 728 (2d Cir. 1998). See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

As set forth in the Defendants' Motion to Dismiss and accompanying memorandum of law dated July 30, 2021 and the Defendants' "Reply to Plaintiff's Objection to Defendants' Motion to Dismiss" dated November 15, 2021, all of which are incorporated as if fully set forth herein (Docket Entry Nos. 71, 72, and 113), the Plaintiff's purported defamation and false light claims against the Defendants fail to state a plausible claim for relief and are barred as a matter of law by the Fair Reporting Privilege. The Plaintiff's proposed Second Amended Complaint fails to allege any relevant facts to address the deficiencies and cannot withstand the pending motion to dismiss. Accordingly, the Defendants respectfully request that Plaintiff's motion to amend the complaint be denied.

- 3 -

The proposed Second Amended Complaint does not address the deficiencies detailed in the Defendants' motion to dismiss, supporting arguments, and reply memorandum, and thus still fails to state a plausible claim for relief. As a public figure, the Plaintiff "must plead 'plausible grounds' to infer actual malice by alleging 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' actual malice." Biro v. Conde Nast, 807 F.3d 541, 546 (2d Cir. 2015) (affirming the grant of defendant's 12(b)(6) motion to dismiss for failure to raise a plausible inference of actual malice where the "nonconclusory allegations" of the complaint failed to "allege facts that would have prompted the … defendants to question the reliability of any of the named or unnamed sources at the time the [allegedly defamatory] Article was published" and where the remaining allegations against defendants were conclusory). The Plaintiff's proposed Second Amended Complaint does not assert any new allegations to support a claim that the Defendants acted with actual malice or bad faith. Instead, the Plaintiff asserts only conclusory allegations that the reporters "knew [the articles] were false" without *any* substantive facts to plausibly support such a conclusion.

Additionally, in opposition to the Defendants' Motion to Dismiss, the Plaintiff argues that the Defendants are liable under a civil conspiracy theory. The Plaintiff, however, still fails to plead civil conspiracy as to Windsor Journal Weekly or Anthony Zepperi. Not one of the thirty-seven counts in the proposed Second Amended Complaint even purports to allege civil conspiracy as to the Defendants. "The [elements] of a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." Harp v. King, 266 Conn. 747, 779 (2003). The "essence of a civil conspiracy [is] two or more persons acting together to achieve a shared goal,"

where "each party acted with 'the same [tortious] intent, and ... had substantially the same knowledge of the [tortious] means and purposes as the other participants." Fischer v. Ulysses Partners, LLC, 2016 WL 8669889 (Conn. Super. Ct. Nov. 8, 2016) (quoting Harp v. King, 266 Conn. 747, 779 (2003) and Williams v. Maislen, 116 Conn. 433, 437–38 (1933)). Indeed, the claim that Defendants "collaborated" on the articles written by Joel Chaisson and the Journal Inquirer containing falsities about the Plaintiff, is completely negated by the allegation that Anthony Zepperi copied those articles without the consent of Mr. Chaisson or the Journal Inquirer and was terminated by the Windsor Journal Weekly. Put simply, the claim of plagiarism, if true, is the direct opposite of collaboration and destroys any inference of intent on behalf of Mr. Zepperi or the Windsor Journal Weekly.

The Plaintiff does not allege that the Defendants shared any such conspiratorial intent or even had knowledge of such a conspiracy. Rather, the proposed Second Amended Complaint now alleges that the articles published by the Defendants "were written in collaboration with" defendants Joe Chaisson, the Journal Inquirer, and "other unspecified persons." Plaintiff's elusive and ambiguous allegations are insufficient to render a claim of civil conspiracy even remotely plausible.  Further, civil conspiracy is not an independent cause of action, and there is no viable underlying substantive claim upon which to base a civil conspiracy theory for defamation or false light. The Plaintiff cannot use bare accusations of conspiracy to cure a failure to adequately plead her claims as to Windsor Journal Weekly and Anthony Zepperi. Accordingly, even if the Plaintiff's allegations that these defendants "collaborated" *could* support a claim of civil conspiracy, which they cannot, the Plaintiff does not plausibly allege any underlying substantive cause of action.

Finally, the Plaintiff's proposed amendments to the complaint do not allege any additional facts that would negate the Defendants' protection under the fair reporting privilege. Rather, the

- 5 -

Plaintiff asserts irrelevant allegations relating to the employment status of Mr. Zepperi, the availability of previously published articles, and vague conclusions of collaboration with "unspecified persons" with regard to the "timing, content, and publication" of articles about the Plaintiff. None of these allegations demonstrate an abuse of the fair reporting privilege or even that the Defendants were inaccurate in their reports of the Petition and related proceedings. Rather, the Plaintiff continues to recite vague conclusions untethered to any substantive factual allegations.  As such, the proposed Second Amended Complaint would be futile as it could not survive a motion to dismiss. Accordingly, the Defendants respectfully request that this Court deny the Plaintiff's Motion for Leave to File a Second Amended Complaint and grant the Defendants' Motion to Dismiss.

.

        THE DEFENDANTS,
        WINDSOR JOURNAL WEEKLY &
        ANTHONY ZEPPERI

By:   /s/ George C. Springer, Jr.
        George C. Springer, Jr. [ct03263]
        Rogin Nassau LLC
        185 Asylum Street, 22nd Floor
        Hartford, CT 06103-3460
        Tel: (860) 256-6380
        Fax: (860) 278-2179
        E-mail: gspringer@roginlaw.com

**CERTIFICATION**

This is to certify that a copy of the foregoing was served electronically this 10th day of December 2021 and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail at the addresses shown below to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Richard C. Gordon, Esq.
Law Office, Richard C. Gordon
40 Court Street
Windsor, CT 06095
Email: RCGordonlaw@Gmail.com

Beverly Knapp Anderson, Esq.
William D. Catalina
Neubert, Pepe & Monteith, P.C.
750 Main Street
Suite 200
Hartford, CT 06103
Email: bknapp@npmlaw.com
Email: wcatalina@npmlaw.com

Philip Miller, Esq.
Attorney General's Office
55 Elm St., PO Box 120
Hartford, CT 06141-0120
Email: phil.miller@ct.gov

David S. Monastersky, Esq.
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
Email: dmonastersky@hl-law.com

Peter D. Goselin, Esq.
The Law Office of Peter Goselin
557 Prospect Ave., 2nd Floor
Hartford, CT 06105
Email: pdgoselin@gmail.com

Richard P. Weinstein, Esq.
Weinstein & Wisser, P.C.
29 S. Main St.
Suite 207
West Hartford, CT 06107
Email: rpw@weinsteinwisser.com

/s/ George C. Springer, Jr.
George C. Springer, Jr. [ct03263]

**ROGIN NASSAU LLC** • ATTORNEYS AT LAW
CITYPLACE I • HARTFORD, CONNECTICUT 06103-3460 • (860) 256-6300 • JURIS NO. 050793