## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

URLEEN NAUGHTON,                                :
                                               :
    Plaintiff                                :
                                               :       CASE NO. 3:21-cv-402 (KAD)
    v.                                       :
                                               :
ADAM GUTCHEON, JANE GARIBAY,                    :
DONALD TRINKS, LISA BRESS, SALLY               :
GROSSMAN, TAARIQ JAMAAL, BRIAN                  :
SMITH, CAROL ENGLEMANN, JENNIFER               :
SCHUMSKY, ANDREW MCALLISTER,                    :
WINDSOR HOUSING AUTHORITY,                      :
WINDSOR JOURNAL WEEKLY, ANTHONY                 :
ZEPPERI, JOURAL INQUIRER, and JOE              :
CHAISSON,                                       :
                                               :
    Defendants                              :       SEPTEMBER 19, 2022

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES BY DEFENDANTS GROSSMAN, SMITH, AND McALLISTER AS PREVAILING PARTIES**

## I.    INTRODUCTION

In this action in which plaintiff Urleen Naughton alleged a combination of federal civil rights violations and state law tort claims, the plaintiff brought her claims against, *inter alia*, the three defendants named herein, Sally Grossman, Brian Smith, and Andrew McAllister, eight other defendants who hold various elected or appointed political positions and/or governmental bodies, and four other defendants who are either journalists or the newspapers for which they work.

The Court dismissed the plaintiff's federal claims in their entirety in two decisions dated July 18, 2022 (dismissing the case as to the media defendants), and August 24, 2022 (dismissing the case as to all remaining defendants), and clearly stated the Court's intent not to afford the plaintiff the opportunity to further amend her Amended Complaint. (Dkt. 137, 138) The Court did not retain jurisdiction over the plaintiff's state law tort claims against the non-

media defendants. (Dkt. 138, p. 20) Judgment was entered for the defendants on September 6, 2022. (Dkt. 139)

Defendants Sally Grossman, Brian Smith, and Andrew McAllister now move the Court to award them their attorney's fees in the amount of $22,680, pursuant to Fed.R.Civ.P. 54(d)(2) and 42 U.S.C. §1988, as prevailing parties on claims brought by the plaintiff pursuant to 42 U.S.C. §1983.[1] The defendants are aware of the high standard required for such an award. They assert that the standard is met, as described below. The defendants also state in support of their motion that they are three non-government actors haled into federal court on charges of conspiracy to violate civil rights under color of state law as a result of their attempts to *vindicate* the rights of the residents of Millbrook Village, a publicly funded housing under the Windsor Housing Authority. Smith and McAllister are tenants of Millbrook Village, while Grossman has been an active supporter of their organizing efforts.

## II.   THE LEGAL STANDARD

Federal Rule of Civil Procedure 54 provides:

Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment;

(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii) state the amount sought or provide a fair estimate of it; and

(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed.R.Civ.P. 54 (2)(b).

The U.S. Supreme Court has held:

---

1   Defendants Grossman, Smith, and McAllister have authorized their attorney to submit an affidavit, records demonstrating his reasonable attorney's fees and costs, and their retainer agreements with counsel should the Court request.

In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser. Under this American Rule, we follow a general practice of not awarding fees to a prevailing party absent explicit statutory authority. Congress, however, has authorized the award of attorney's fees to the prevailing party in numerous statutes. . . .

*Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001) (internal citation and quotes omitted). The Civil Rights Attorney's Fees Awards Act of 1976, however, provides:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 12361 of title 34, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. §1988.

A party must "'receive at least some relief on the merits of his claim before he can be said to "prevail . . ."'" for purposes of the statute. *Buckhannon Bd. and Care Home, Inc.*, supra, at 600, quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987). The Supreme Court has held that "a district court may in its discretion award attorney's fees to a prevailing *defendant* . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421 (1978) (*emphasis added*).

Herein, the defendants demonstrate that they meet the rigorous criteria set out above and respectfully request that the Court grant their motion.

## III.     DISCUSSION

The defendant's Amended Complaint alleged eight counts of violations of 42 U.S.C. §1983, in various combinations, against Grossman, Smith, and McAllister. (Dkt. 36) As noted above, the Court dismissed all of the claims against these three (and other) defendants. Each of the eight claims relied upon the theory that these plaintiffs had conspired, either among themselves or with various government officials or with journalists and newspapers, to deprive the plaintiff of her rights, privileges, or immunities secured by the Constitution and laws of the United States. (See, Id., Counts 4-7, 9, 11-12)

The counts pleaded by the plaintiff against the three defendants meet the standard of "frivolous, unreasonable, or without foundation." In the first instance, the counts can be deemed frivolous and unreasonable because, as observed by the Court, they were among the "over 100 pages and . . . 634 separately numbered paragraphs" making up the Amended Complaint and "[t]he extent to which the allegations are unnecessarily repetitive from count to count, can not be overstated and the result is an unwieldy and difficult to navigate complaint." (Dkt. 138, p.2, fn 2)

Moreover, inasmuch as the plaintiff's claims under §1983 were premised on the defendants having engaged in conspiracies to "intentionally deprive[ ] Naughton of the rights enjoyed by white citizens," it is relevant to the defendants' claims that the allegations were frivolous and without foundation that the Court agreed with the defendants that "the Amended Complaint is devoid of any factual allegation that would support the inference that their conduct derived from race-based animus or was motivated by Plaintiff's race or national origin in any way shape or form. (Id., p. 10)

Finally, the plaintiff's claims against Grossman, Smith, and McAllister are frivolous and unfounded because each alleges a conspiracy under color of state law, where 1) none of the

three defendants held an elected or appointed position in any government body and therefore had no capacity to act under color of state law, and 2) all of the plaintiff's allegations that they participated in a conspiracy with state actors are pure speculation – or sometimes pure nonsense. The former is shown by the repeated allegation that the defendants conspired with state actors by doing nothing more than having "attended a meeting" called by two of the state actor defendants. (Dkt. 36, Count Four, ¶139; Count Five, ¶153, Count Nine ¶210; Count 11, ¶239) The latter is demonstrated by the allegation that defendants Grossman and Smith conspired with state actors to violate the plaintiff's civil rights because, having written a letter to the editor calling for Naughton's termination, they received praise from defendant Trinks, the Mayor of Windsor, that their letter was "well-written." (Id., ¶¶71, 74)

## IV.    CONCLUSION

The circumstances under which a prevailing defendant may obtain their reasonable attorney's fees in a case alleging a violation of federal civil rights are very limited. However, defendants Sally Grossman, Brian Smith, and Andrew McAllister have met that standard by exposing the frivolous, unreasonable, and foundation-less claims made against them in the plaintiff's Amended Complaint. Therefore, the defendants respectfully request that the Court grant their motion and permit them to submit evidence in support of their claim for attorney's fees in the amount of $22,680.

<div style="margin-left:40%">

RESPECTFULLY SUBMITTED,
FOR DEFENDANTS GROSSMAN,
SMITH, AND MCALLISTER,

  / s /  Peter Goselin ct06074
The Law Office of Peter Goselin
P.O. Box 331313
Hartford, Connecticut 06133
Tel. 860-580-9675
Fax 860-471-8133
pdgoselin@gmail.com

</div>

**CERTIFICATION**

I hereby certify that on September 19, 2022, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.


    */ s /   Peter Goselin*