UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| URLEEN NAUGHTON, | : | |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. 3:21-cv-402 (KAD) |
| v. | : | |
| | : | |
| ADAM GUTCHEON, JANE GARIBAY, | : | |
| DONALD TRINKS, LISA BRESS, SALLY | : | |
| GROSSMAN, TAARIQ JAMAAL, BRIAN | : | |
| SMITH, CAROL ENGLEMANN, JENNIFER | : | |
| SCHUMSKY, ANDREW MCALLISTER, | : | |
| WINDSOR HOUSING AUTHORITY, | : | |
| WINDSOR JOURNAL WEEKLY, ANTHONY | : | |
| ZEPPERI, JOURAL INQUIRER, and JOE | : | |
| CHAISSON, | : | |
| | : | |
| Defendants | : | OCTOBER 7, 2022 |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR FEES**

The Court having granted the defendants' motions to dismiss the federal claims in the plaintiff's Amended Complaint, defendants Grossman, McAllister, and Smith have moved for an award of attorney's fees and costs as prevailing parties pursuant to Fed.R.Civ.P. 54(d)(2) and 42 U.S.C. §1988. (Dkt. 140, Motion for Attorney's Fees by Defendants Grossman, Smith, and McAllister as Prevailing Parties) On October 6, 2022, the plaintiff responded. (Dkt. 141, Plaintiff's Opposition to Defendants' Motion for Attorney's Fees) Herein, the defendants set out their reply to the plaintiff's argument that "Defendants are not prevailing parties entitled to any award of attorney fees pursuant to 42 U.S.C. 1988 or any other statutory or common law basis." (Pl.Opp. p. 1)

The parties agree that an award of attorney's fees to a defendant under §1988 is not the norm, even where the defendant is the prevailing party, and that such awards are limited to circumstances where the plaintiff's claims are frivolous.[1] However, none of the legal arguments proposed by the

---
[1] Defendants also agree, in principle, with the plaintiff's statement that the purpose of fee shifting in cases such as this one "is to reward "private attorney generals" in enforcement of federal anti-discrimination laws. (Pl.Opp. p. 7) Moreover, it seems appropriate that courts would ordinarily decline to award fees to those prevailing defendants who litigate armed with the resources of local, state, or federal government. That is not the case here. As the defendants pointed out in their original memorandum, they are not among the seven state actors or four journalists and their

plaintiff rescue the federal claims in the Amended Complaint from that characterization. The defendants respond to these arguments in the order presented in the plaintiff's opposition.

Plaintiff first asserts that "Nowhere in the decision of this Court was there any finding that the complaint was frivolous, unreasonable or brought in bad faith. The mere fact that the court found the facts and inferences to be drawn from them to not meet the Iqbal and Twombley standard does not transform the complaint into a frivolous claim." (Pl.Opp., p. 6) The defendants agree that the Court did not expressly make a finding that the claims in the Amended Complaint are frivolous. They disagree, however, that the failings of the Amended Complaint are no more than a lack of adequate pleading.

The Second Circuit states:

> "[T]o constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear under existing precedents that there is no chance of success and no reasonable argument to extend . . . the law as it stands." *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990). "The fact that a legal theory is a long-shot does not necessarily mean it is sanctionable." *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011). The inquiry is one of "objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 307 (2d Cir. 2014) (citation omitted).

*Weiss v. David Benrimon Fine Art LLC*, No. 20-3842 (2nd Cir. 2021). Here, the Court's discussion of the merits of the plaintiff's Amended Complaint reveal it to be more than a "long-shot," but a document pursuing legal theories such that "under existing precedents that there is no chance of success and no reasonable argument to extend . . . the law as it stands."

The Court's ruling granting the motions to dismiss in this case finds that "the Amended Complaint is devoid of any factual allegation that would support the inference that their conduct derived from race-based animus or was motivated by Plaintiff's race or national origin in any way shape or form." (Dkt. 138, Memorandum of Decision Re: Defendants' Motions to Dismiss

---

newspapers. Rather, Smith and McAllister are themselves tenants of Millbrook Village, a low income housing project under the jurisdiction of the Windsor Housing Authority, of which the plaintiff was formerly Executive Director, while Grossman has been an active supporter of their efforts to organize a tenants' union to protect the rights of WHA residents. If this litigation is a David v. Goliath battle, these defendants are clearly *not* in the latter category.

(ECF NOS. 56, 57, 58, 59), p. 10) It further states that "the theory under which Plaintiff asserts this [race-based Equal Protection] claim is hopelessly conclusory and utterly unclear." (Id., p. 11) Moreover,

> The Court has scoured the Amended Complaint for factual allegations which would support the inference that Defendants' conduct derived from race-based animus or was otherwise motivated by Plaintiff's race or national origin and has found none. The extent of allegations in the Amended Complaint which might reasonably support the inference that Defendants' conduct was motivated by Plaintiff's race or national origin are as follows. Plaintiff repeatedly alleges that Defendants intentionally discriminated against her on the basis of her race and national origin. (Complaint at ¶¶ 90, 109, 101, 111, 113, 125, 133, 147, 161, 175, 189, 203, 217, 232, 247, 262, 278–79, 281, 285–87, 292, 483, 507) These wholly conclusory allegations are simply not entitled to the presumption of truth and add nothing to the question of whether these causes of action are plausibly alleged.

(Id., p. 15) And,

> Plaintiff's allegations of racial animus are nothing more than conclusory, speculative assumptions apparently premised upon hearsay statements by unknown and unknowable actors. The entire Amended Complaint evinces—quite literally—a race-based conspiracy theory that is unsupported, directly or by inference, with factual allegations.

(Id., pp. 16-17)

These characterizations of the content of the Amended Complaint would seem consistent with the standard for frivolous pleading set out above: that the claims therein cannot succeed under existing standards and offer no reasonable argument to extend the law.

The plaintiff next argues that "The Court also did not dismiss the state law claims with prejudice *presumably because those claims are plausible*." (Pl.Opp. p. 6) The defendants do not believe they are required to show the state law claims not ruled upon by the Court (because it lacked jurisdiction to do so) are frivolous in order to establish they are prevailing plaintiffs with an entitlement to fees, but the bald and utterly unfounded assertion, unsupported by any citation to law, that the Court found those claims to be "plausible" demands response.

3

The statutory language setting out the parameters of supplemental jurisdiction are clear that "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . " 28 U.S.C. Sec. 1367. The very nature of jurisdiction would seem to preclude any assertion that a court finds "plausible" claims that it determines it lacks authority to decide. The defendants have no doubt that if this Court wished to inform the parties that there were some merit to the plaintiff's Amended Complaint it could have done so, and that there is no basis to draw inferences from the Court's silence as to the state law claims.

Finally, the plaintiff asserts, again without resort to any legal authority, that "while the court found it procedurally improper for Plaintiff to respond to the Motion to Dismiss by way of multiple affidavits, that evidence demonstrated additional facts relevant to her claims of racial animus, a widespread conspiracy to oust Plaintiff from her position, and the role played by these Defendants as well as the others." (Pl.Opp. p. 7) Here, again, the plaintiff argues, in essence, that even if the Court has refused to consider certain of the plaintiff's submissions, it should give weight to those very submissions in determining whether the Amended Complaint is frivolous. Defendants are unaware of any legal authority that could be cited for such a strange – and strained – proposition.

The plaintiff's enormous, rambling and repetitive 634 paragraph Amended Complaint contains eight counts alleging violations of 42 U.S.C. §1983, in various combinations, against Grossman, Smith, and McAllister. In the ordinary course of things, it would seem reasonable to expect that in eight counts alleging that the non-state actor defendants participated in a race-based conspiracy undertaken under color of state law, two absolutely essential elements of such a pleading would be 1) allegations revealing evidence of racial animus, and 2) allegations revealing evidence of a conspiracy. The Court's finding that there is a complete and utter absence of either of these elements *anywhere* in those 634

4

paragraphs would seem exactly what is required to find that the pleading is "objectively unreasonable" and therefore frivolous.

    Defendants Grossman, McAllister, and Smith therefore respectfully request that the Court award them their reasonable attorney's fees and costs (or permit the opportunity for them to show proof of same).

RESPECTFULLY SUBMITTED,
FOR DEFENDANTS GROSSMAN,
SMITH, AND MCALLISTER,

_/ s / Peter Goselin ct06074_
The Law Office of Peter Goselin
P.O. Box 331313
Hartford, Connecticut 06133
Tel. 860-580-9675
Fax 860-471-8133
pdgoselin@gmail.com

## CERTIFICATION

I hereby certify that on June 21, 2021, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

/ s /   Peter Goselin